1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11   ALEJANDRO SANCHEZ,                          No.  1:24-cv-00134-KES-SAB (HC)

12                      Petitioner,              ORDER ADOPTING FINDINGS AND
                                                 RECOMMENDATIONS, DISMISSING
13          v.                                   PETITION FOR WRIT OF HABEAS
                                                 CORPUS, DIRECTING CLERK OF COURT
14   B. CATES,                                   TO CLOSE CASE, AND DECLINING TO
                                                 ISSUE CERTIFICATE OF APPEALABILITY
15                      Respondent.
                                                 Doc. 11
16

17          Petitioner Alejandro Sanchez is a state prisoner proceeding pro se with a petition for writ

18   of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to a United States

19   Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20          On April 17, 2024, the assigned magistrate judge issued findings and recommendations

21   recommending that the petition be dismissed as an unauthorized successive petition.  Doc. 11.

22   The findings and recommendations were served on the parties and contained notice that any

23   objections were to be filed within thirty (30) days of the date of service of the findings and

24   recommendations.  *Id.*  On May 8, 2024, petitioner filed timely objections.  Doc. 12.

25          In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de

26   novo review of the case. Having carefully reviewed the file, including petitioner's objections, the

27   Court holds the findings and recommendations to be supported by the record and proper analysis.

28   Petitioner's objections argue that AEDPA's bar on successive petitions should not apply under

                                                 1

1    the exception contained in 28 U.S.C. § 2244(b)(2)(B).  Doc. 12 at 1–2.  That provision allows a

2    prisoner to file a successive petition if (1) "the factual predicate for the claim could not have been

3    discovered previously through the exercise of due diligence"; and (2) "the facts underlying the

4    claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish

5    by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would

6    have found the applicant guilty of the underlying offense."  28 U.S.C. § 2244(b)(2)(B)(i)–(ii).

7         There are two problems with petitioner's argument.  First, he contends that he could not

8    have previously discovered the proffered Fourth Amendment claim, but he does not contend that

9    no reasonable factfinder would have found him guilty without the supposed Fourth Amendment

10   violation.  *See* Doc. 12 at 1–3.  He therefore fails to satisfy the second prong of § 2244(b)(2)(B).

11   Second, the claim which he asserts could not have been discovered is a Fourth Amendment

12   unreasonable search claim, *see id.*, and this claim is not cognizable on federal habeas review in

13   any event.  *Stone v. Powell*, 428 U.S. 465, 494 (1976) ("Where [a] [s]tate has provided an

14   opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be

15   granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional

16   search or seizure was introduced at his trial.").  Therefore, the findings and recommendations are

17   correct that the petition should be dismissed as successive.

18        Having found that petitioner is not entitled to habeas relief, the Court now turns to

19   whether a certificate of appealability should issue.  A petitioner seeking a writ of habeas corpus

20   has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only

21   allowed in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C.

22   § 2253.  Where, as here, the Court denies habeas relief on procedural grounds without reaching

23   the underlying constitutional claims, the Court should issue a certificate of appealability "if jurists

24   of reason would find it debatable whether the petition states a valid claim of the denial of a

25   constitutional right and that jurists of reason would find it debatable whether the district court was

26   correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "Where a plain

27   procedural bar is present and the district court is correct to invoke it to dispose of the case, a

28   reasonable jurist could not conclude either that the district court erred in dismissing the petition or

1 | that the petitioner should be allowed to proceed further." *Id.*

2 |   In the present case, the Court finds that reasonable jurists would not find the Court's

3 | determination that the petition should be dismissed debatable or wrong, or that petitioner should

4 | be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability.

5 |   Accordingly:

6 |   1. The findings and recommendations issued on April 17, 2024, Doc. 11, are adopted in

7 |    full;

8 |   2. The petition for writ of habeas corpus is dismissed;

9 |   3. The Clerk of Court is directed to close the case; and

10 |   4. The Court declines to issue a certificate of appealability.

11 |

12 |

13 | IT IS SO ORDERED.

14 |   Dated:  December 12, 2024               
                  UNITED STATES DISTRICT JUDGE

3